McFarland *v.* Orange and Newark Horse Car Railroad Co.

OWEN McFARLAND *vs.* THE ORANGE AND NEWARK HORSE
CAR RAILROAD COMPANY.

The charter of the defendants contained the following clause: "the presi-
dent and directors of said company be and they are hereby authorized
and invested with all the rights and powers necessary and expedient to
survey, lay out, and construct a railroad from some suitable point in the
township of Orange, in the county of Essex, to some suitable point in
Orange street, or some street north of said street, or south of Market
street, in the city of Newark."

*Held*, that this enactment relates not to the *route*, but to the *termination* of
the road, and that thereby the road of the company was not excluded
from being located in or through Market street.

B*

McFarland *v.* Orange and Newark Horse Car Railroad Co.

This was a motion to dissolve an injunction.

*Oliver S. Halsted, sen.,* for complainant.

*Abraham O. Zabriskie,* for defendants.

THE CHANCELLOR.   The whole equity of the complainant's bill rests upon the ground that there was no authority for the location of the railroad in or through Market street, in the city of Newark.   If the company were authorized by their charter to locate and construct their road through that street—if its construction then was authorized by law, it could be no nuisance, nor was the injury it occasioned to the complainant of a character which entitled him to relief by injunction.

The injunction was originally granted on the assumption that the charter of the company, by necessary implication if not in express terms, excluded the road from being located in or through Market street.   Upon a careful examination of the charter, I am satisfied that there is no ground for that opinion.   The language of the act (§ 7) is as follows: "the president and directors of the said company be and they are hereby authorized and invested with all the rights and powers necessary and expedient to survey, lay out, and construct a railroad from some suitable point in the township of Orange, in the county of Essex, to some suitable point in Orange street, or some street north of said street, or south of Market street, in the city of Newark."   This enactment relates not to the *route,* but to the termination of the road.   Its design was not to exclude the line of the road, but its terminus, from the district included between Market and Orange streets.   Whether the language of the act be construed to fix the terminus at a *point* south of Market street, or at some point in a *street* south of Market, is immaterial.   In either event the statute is complied with.   It appears, by the answer, that although the line of the road is through

Market street, its terminus is a *point* and in a *street* south of Market street.

There is authority, both from the legislature and from the corporate authorities of Newark, to construct the road in its present location.

The injunction must be dissolved with costs.